FRANK W. SANDRUCK *vs.* JOHN H. WILSON.

*Failure of consideration: breach of contract; recovery of money
paid. Court and jury: instructions; "no evidence";
Court's expression of opinion as to existence of
facts; when no cause of reversal.*

A., through B., the sales agent of certain manufacturers, ordered an auto truck on certain terms of payment; the order was directed to the manufacturers and was transmitted to them by B. with the $100.00 A. had deposited, but did not transmit any of the subsequent payments made. A. failed to comply with some of the terms of payment, but later paid to B. more than was then due, under B.'s agreement that he would "take care of A. for the overbalance." B. failed to do this and directed the manufacturers to refuse delivery except upon full payment (according to the terms of the order). *Held,* that under proper instructions, A. was entitled to recover from B. the amounts so paid to him.                p. 629

A trial judge has the right to instruct in favor of either plaintiff or defendant as to the legal insufficiency of evidence to support an issue to which it is directed.                p. 630

A trial judge should be careful to avoid expressing in the presence of the jury an opinion as to the existence of any fact which should be left to their determination.                p. 629

SANDRUCK vs. WILSON.                      625

Md.]                    Opinion of the Court.

Where the Court by its written instructions correctly instructs
the jury in effect that under the uncontradicted evidence in
the case the plaintiff is entitled to recover it is not reversible
error for the Court orally to indicate its opinion that the
plaintiff should recover.                                  p. 630

*Decided March 26th, 1912.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-
BRIDGE, JJ.

*Myer Rosenbush* (with whom was *Benjamin Rosenheim,*
on the brief), for the appellant.

*W. Ashbie Hawkins* (with whom was *George W. F.
McMechen,* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee is a teamster and the appellant a dealer in
automobiles. They are both engaged in business in the City
of Baltimore. After some preliminary negotiations the
appellee signed an order, prepared by the appellant, for the
manufacture and delivery of an automobile truck. The order
was given on January 7th, 1911, and was addressed to the
Atterbury Motor Car Company, of Buffalo, New York, for
which the appellant was a sales agent. It was stipulated
that the car should be of a designated catalogue type, with
certain modifications. The price was $2,500.00, and the
terms of payment were "$500.00 with order; balance, sight
draft with bill of lading attached." This order was not
transmitted to the Atterbury Company by the appellant, but
the latter executed and sent to the company an order in his
individual capacity identical in all respects with that signed
by the appellee, except as to the name of the purchaser. The
appellee did not deposit $500.00 with his order according to

its terms, but on January 20th he gave the appellant his promissory note for that amount payable in fifteeen days, and this was paid a few days after its maturity. In the meantime it developed that the appellee would have difficulty in raising enough money to pay for the car, and the appellant, on January 27th, gave him a written promise to "take care" of him "to the extent of the overbalance on the Atterbury truck." At that time the appellant held the appellee's note for $500.00, and in the absence of explanation the undertaking just mentioned would be understood to convey an assurance covering the entire remainder of the purchase money. It was testified, however, by the appellee that the appellant's promise to "take care" of him as to the "overbalance" was based upon an understanding that he was to pay $1,400.00 on account of the truck, and that the appellant was to take a "lien" for the remaining $1,100.00. Sometime after this memorandum was signed the appellee paid to the appellant the $500.00 note, and later on $860.00 additional, and stated his readiness to pay the further sum of $40.00 and to give a "lien" on the car for the balance of the purchase price; but the appellant demanded payment in full, and directed the retention of the truck at the factory because of the appellee's inability to raise the requisite amount. The appellee then asked for the return of the money he had paid on account, and brought this suit for its recovery upon the appellant's refusal to make restitution. A judgment was rendered in favor of the plaintiff for the amount of his claim with interest, and the defendant has appealed.

There was a prayer to withdraw the case from the jury upon the theory that the plaintiff's contract of purchase was made with the Atterbury Company, and that consequently there could be no recovery against the present defendant. This prayer was properly refused. The evidence in the record shows conclusively that the only order which the company accepted for the car was the one given by the defendant on his individual responsibility. It further appears that while the defendant sent the company $100.00 as a

deposit at the time his order was mailed, he has remitted no part of the sums he subsequently received from the plaintiff on account of *his* purchase. In view of these facts, it could not properly be held that the plaintiff's right of action is confined to a suit against the manufacturer, and that he has no remedy against the party to whom his money was paid and in whose possession it has since remained.

There were other prayers offered by the defendant, and one was submitted by the plaintiff, but all were refused, and the Court gave an instruction of its own to the effect that if the jury should find that the plaintiff and defendant entered into a contract for the sale and delivery of an automobile by the defendant to the plaintiff, and should find that by the terms of the contract the plaintiff was to pay $500.00 at the time of its execution and that the balance of the purchase price, amounting to $2,000.00, was to be paid by the plaintiff upon a sight draft attached to a bill of lading to be issued upon the shipment of the automobile, and that it was never shipped to the plaintiff and no sight draft was ever drawn upon him for the balance of the price, then as a matter of law, the defendant has not complied with the terms of the contract and the plaintiff is entitled to recover. This instruction, of course, left the jury no alternative but to find a verdict for the plaintiff, as the evidence showed without contradiction that the defendant had not complied with the terms of the original order. The defendant insists that this action was erroneous. It is contended that the proof establishes a waiver by the plaintiff of the shipment of the truck and the presentation of a sight draft as conditions precedent to the payment of the purchase price, and that the defendant should not be held to have lost the benefit of the contract merely because those conditions were not performed.

The facts to which we have already referred clearly show that the stipulations as to the terms of payment were materially changed by subsequent agreement. It appears that not only was the requirement for the payment of $500.00

with the order abandoned, and $860.00 of the balance paid without a draft and shipment, but that the parties distinctly agreed to a method of settlement which the contract did not in the first instance contemplate. The memorandum signed by the defendant and delivered to the plaintiff was undoubtedly intended by both to provide a new and different basis upon which the transaction was to be closed. Upon the faith of the defendant's agreement to "take care" of him to the extent of the "overbalance" the plaintiff paid money which could not at the time have been demanded from him if the contract of purchase had remained unaltered. The defendant asserts that the memorandum he executed was not designed to subject him to any liability, and that its sole object was to enable the plaintiff to raise the money for the car among his friends; but this position is manifestly untenable. While the agreement is not explicit as to the manner in which the defendant was to "take care" of the plaintiff in reference to the "overbalance", it was plainly the undertaking that the defendant should provide in *some* way for part of the purchase money. The proof is that the defendant did in fact arrange with the money-lender to invest $1,000.00 in a chattel mortgage on the truck, but the loan was not actually made for the reason that the investor, after waiting several weeks, during part of which time the car was not ready for delivery, made a different disposition of the fund he had intended to use for that purpose. No other effort was made or proposed by the defendant to aid the plaintiff in connection with the settlement. After paying part of the price in reliance upon the defendants' unqualified promise of assistance as to the remainder, the plaintiff was left as completely to his own inadequate resources as if the assurance had never been given.

It is apparent, therefore, that the defendant is here setting up a waiver which was merely incidental to a supplementary agreement as to which he was himself in default. The trial Court in its instruction to the jury evidently proceeded upon the theory that as the non-performance by the

defendant of his undertaking to provide for part of the purchase price had been conclusively proven, he was not entitled to rely upon the fact that the contract had been modified as a justification for his failure to observe the primary conditions of settlement. In this view we concur. The defendant having committed a breach of the new agreement, he certainly suffers no injustice in being required to stand upon the terms of the contract by which he insists that the plaintiff shall be bound. It is clear that upon the stipulations contained in the original order the defendant would not be in a position to collect the purchase price or retain the money paid on account, without a seasonable tender of delivery of the car in the mode designated. The undisputed facts here are that the automobile has been held at the factory by the defendant's order, that the plaintiff has paid $1,360.00 for which he has received no value, and that the transaction was not consummated because of the defendant's failure to perform the supplementary agreement. Under such circumstances there was no prejudicial error in directing the jury to render a verdict for the plaintiff if they should find that the truck was not shipped and a draft for the balance of the purchase price was not presented as contemplated by the terms of the purchase.

In discussing the prayers and explaining its instruction the Court below indicated very plainly its opinion that the plaintiff ought to recover. Its remarks to that effect were made a special subject of exception. This Court has said that a trial judge should be careful to avoid expressing in the presence of the jury an opinion as to the existence of any fact which should be left to their determination. *United Railways Co. v. Carneal,* 110 Md. 232. But the reason for the observance of this rule does not exist in the present case. There was no issue of fact submitted for the jury's finding as to which there could be any dispute. It is noted in the record that the counsel for the defendant declined to argue the case to the jury because the Court's instruction left nothing open for discussion. If, instead of expressing orally

its opinion that the plaintiff was entitled to a verdict, the Court had concluded its written instruction with the statement that there was no legally sufficient evidence of compliance by the defendant with the terms of the order, the effect upon the verdict would have been altogether conclusive in the plaintiff's interest; yet such an instruction would have been warranted by the uncontradicted evidence. There can be no doubt as to the right of a trial Court to instruct in favor of either the plaintiff or the defendant as to the legal insufficiency of evidence to support an issue to which it is directed. *Poe's Practice,* 3rd ed., sec. 297; *Lewin* v. *Uzuber,* 65 Md. 346. There being no ground upon which the defendant here could be held entitled under the evidence to retain the money he has received from the plaintiff, we can not regard as reversible error the remarks of the Court below pointing to that conclusion.

The record contains a number of exceptions in addition to those we have discussed. They relate principally to offers of evidence as to the defendant's agency for the Atterbury Company, and to a claim of recoupment for commissions which the defendant would have earned if the sale had been consummated and for a loss which it was claimed would be incurred in selling the truck on the market in consequence of the modifications in the standard type made in conformity with the order. The questions thus raised are immaterial to the issue before us in view of the uncontroverted facts we have emphasized that the manufacturer did not accept the plaintiff's order or receive the money for which he sues, and that the defendant was in default as to both the original and supplemental terms of settlement.

*Judgment affirmed with costs.*